**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1671-22

ARABRUNY LINDOR,
administrator ad prosequendum
of the estate of ROOSEVELT
RENE, deceased,

      Plaintiff-Respondent,

v.

JANORIS JENKINS,

      Defendant-Appellant.

_____

Argued December 6, 2023 – Decided March 5, 2024

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8627-19.

Jeffrey Schreiber argued the cause for appellant (Meister Seelig & Fein PLLC, attorneys; Jeffrey Schreiber, on the briefs).

Daniel Neil Epstein argued the cause for respondent (Epstein Ostrove, LLC, attorneys; Daniel Neil Epstein, on the brief).

PER CURIAM

In this wrongful death action, defendant appeals from the December 2, 2022 order confirming an arbitration award under <u>Rule</u> 4:21A-6(b) and the January 20, 2023 order denying his motion for reconsideration.[1] Because defendant's demand for a trial de novo and rejecting the arbitration award was not filed within the thirty-day time constraints under <u>Rule</u> 4:21A-6(b)(1), we affirm.

Counsel for both parties virtually attended the mandatory arbitration proceeding on September 21, 2022. The arbitrator determined each party was fifty percent responsible for the incident and awarded plaintiff gross damages of $800,000, resulting in a net award of $400,000. The arbitrator verbally informed counsel of the decision and completed a "Report and Award of Arbitrator(s)" form (the award). The award stated:

> Parties desiring to reject and obtain a trial de novo must file with the division manager a trial de novo request together with a $200 fee <u>within thirty (30) days of today</u>. Parties requesting a trial de novo may be subject to payment of counsel fees and costs as provided by <u>R.</u> 4:21A-6(c). <u>Note that unless otherwise expressly indicated this award will be filed today</u>.

---

[1] Although defendant listed the January 20, 2023 order in his Notice of Appeal, defendant did not present any legal argument regarding the order. Therefore, we deem any arguments regarding the order denying reconsideration abandoned. <u>See</u> <u>Sklodowsky v. Lushis</u>, 417 N.J. Super. 648, 657 (App. Div. 2011).

> Counsel and pro se litigants acknowledge receipt
> of this award by signing below.
>
> [(emphasis added) (italicization omitted).]

Both defendant's local and pro hac vice counsel electronically signed the award, as did plaintiff's counsel.

On September 22, 2022, the court, through the eCourts system, notified counsel that the arbitration award was filed on September 21 and was available in the case jacket. The award was stamped as filed on September 21, 2022.

On October 24, 2022, defendant filed a request for a trial de novo. The request form noted the arbitration hearing date was September 21, 2022. However, the form was altered by defendant to add: "[A]n arbitration award [was] entered on September 22, 2022." Several days later, the court issued notifications scheduling a settlement conference and setting a trial date.

On October 31, 2022, plaintiff moved to vacate the trial de novo and confirm the arbitration award, arguing defendant's request was untimely as the last day to file a demand for trial de novo was October 21, 2022. Defendant opposed the motion, asserting the filing date was September 22 and he had until October 22 to file a de novo demand. Because October 22 was a Saturday, defendant contended his filing on Monday October 24 was timely.

3

On December 2, 2022, the trial court granted plaintiff's motion, vacating the entry of trial de novo and confirming the arbitration award. The order stated:

> Rule 4:21A-6(b) provides: "An order shall be entered dismissing the action following the filing of the arbitrator's award unless: (a) within [thirty] days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and a demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule [ . . . ."] The date the arbitration award was filed was Wednesday, 9/21/22, so the demand for trial de novo was due on Friday, 10/21/22. Defendant's demand for a trial de novo was filed on Monday, 10/24/22. An attorney's negligence, miscalculation, or misreading of the Court Rules is not an extraordinary circumstance sufficient to enlarge the time to file for a trial de novo.

Defendant's subsequent motion for reconsideration was denied on January 20, 2023.

On appeal, defendant contends his request for a trial de novo was timely filed because the award was not filed until September 22 and, therefore, the deadline was October 24. Alternatively, defendant asserts the court abused its discretion in rejecting the de novo demand that was filed on the first business day after the filing deadline.

4

Our review of "an interpretation of the court rules governing mandatory arbitration, which is a question of law," is de novo. Vanderslice v. Stewart, 220 N.J. 385, 389 (2015).

A trial court's reconsideration decision will not be disturbed "unless it represents a clear abuse of discretion." Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2014) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985))).

The parties' case proceeded to arbitration under Rule 4:21A-1. The arbitrator heard the case on September 21, 2022, and issued a decision in the virtual presence of counsel at the end of the proceeding. Defendant does not dispute he was aware of the arbitrator's decision on September 21.

The following day, the eCourts system informed counsel the award, filed on September 21, had been uploaded into the system. Counsel had access to the

award on which was stamped the filing date and the instruction that a party had to file a trial de novo within thirty days of the filing date noted on the award.

The directive on the arbitration award regarding a trial de novo demand reflects the language contained in Rule 4:21A-6(b):

> An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
>
> > (1) within [thirty] days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule . . . .
>
> [(emphasis added).]

There is no ambiguity in the Rule. Since its inception in 1986, a party displeased with an arbitration award has thirty days to reject it and demand a trial de novo. Although technology has certainly evolved since that time, including the implementation of eCourts in our judicial system, there has been no change in the meaning of the "filing date" of an award. Here, the date was stamped on the award, counsel was advised through eCourts that the award was filed September 21, and when counsel was able to view and download the award on September 22, the filing stamp date on the award was September 21. There can be no doubt as to the filing date.

6

Defendant's interpretation, that the award was not filed until the court system recorded the filing, "generate[d] an automated notice of filing" and transmitted it to the parties is illogical and would result in an inconsistent implementation of Rule 4:21A-6. The Rule does not state a party must file a trial de novo demand within either thirty days after the arbitrator files an award or thirty days after the award is entered into eCourts. That would lead to different timeframes in every case. The Rule requires a party to reject an arbitration award within thirty days of the filing of the award. That date was clear here and conveyed to the parties on the award itself and through the eCourts notification and on the case jacket.

In an alternative argument, defendant asserts the trial court abused its discretion when it confirmed the arbitration award because the trial de novo request was filed the next business day after the deadline and plaintiff was not prejudiced by the one-day delay. Defendant contends there is confusion regarding the filing date because the filing date should be the date the award is uploaded or entered into eCourts. Defendant asserts that confusion is an extraordinary circumstance sufficient to toll the filing deadline. We disagree.

In considering extraordinary circumstances in the context of the filing of a trial de novo request, our Supreme Court has stated that it "require[s] a fact-

sensitive analysis in each case." Hartsfield v. Fantini, 149 N.J. 611, 618 (1997). The Court found, that in order to relax the thirty-day limitation, a court must determine that the extraordinary "circumstances did not arise from an attorney's 'mere carelessness' or 'lack of proper diligence.'" Ibid. (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)). It further "emphasize[d] that the circumstances must be 'exceptional and compelling'" in furtherance of arbitration goals, "'which is to bring about inexpensive, speedy adjudications of disputes and to ease the caseload of state courts.'" Id. at 619.

Defendant waited until 5:50 p.m. on October 24, 2022, to file the de novo request—a day late and after business hours on that date. In addition, defendant's counsel altered the form, adding in a line distinguishing what they believed to be the eCourts filing date from the arbitration hearing date. We discern no reason to disturb the court's conclusion that "negligence, miscalculation, or misreading of the Court Rules [are] not . . . extraordinary circumstance[s] sufficient to" justify relaxing the deadline.

The trial court did not err in granting plaintiff's motion to confirm the arbitration award. Defendant's demand for trial de novo was untimely.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1671-22